No. 7510.

THE STATE EX REL. JOHN YOUNG VS. THE JUDGE OF THE THIRTEENTH DISTRICT.

Appeals in cases of contested election are governed by the general law that provides for the return of appeals in all other civil causes, and therefore are returnable, not

State ex rel. Young *vs.* Judge.

in ten days, but at the next regular return-day for appeals from the court wherein the cause was tried.

*Mayo, Bowles,* and *W. R. Young* for Relator.    The Respondent *in pp.*

MANNING, C. J.    A suit was brought by John Young against James Randall contesting the election of the latter to the shrievalty of Concordia Parish, and certain peremptory exceptions thereto having been sustained, the plaintiff appealed and prayed that his appeal be made returnable in ten days.    This was refused by the judge, who granted the appeal returnable to the next regular return day for appeals from that parish.    This *mandamus* has for its object to compel the judge to order the appeal to be returned in ten days.

The judge justifies his refusal on the authority of Auld *v.* Walton, 12 Ann. 825, reaffirmed in Lanier *v.* Gallatas, 13 Ann. 175, where the identical question was presented and decided.    The construction then given to the statutory provisions for appeals must be followed unless there has been an alteration of them.

The relator relies on Rev. Stats., secs. 1419 and 1421, and the amendment of them in 1877.    Sess. Acts, p. 26.    There is no alteration in either that meets his case.    He also cites the Act of 1870 which provides that in all cases in which the right to office is involved, and an appeal is taken, it shall be returnable in ten days.    Ex. Sess. Acts 1870, p. 100.

The same provision existed when the above cases were decided where the court said in the Lanier case: "The subject was fully considered in Auld *v.* Walton, where it was held that under the provisions of the Act of 1856 it is obvious that all appeals in cases of contested election must be considered as falling within the general rule applicable to all other civil causes."

The Act of 1856 thus referred to is the law regulating this subject now.    It was re-enacted *in totidem verbis* and forms sec. 1434 of the Revised Statutes of 1870, just as the Act of 1853, declaring that appeals in cases where the right to office is involved shall be returnable in ten days, was re-enacted and forms sec. 33 of the same revisal, and was repeated in the same year and forms sec. 7 of the Act of March 16, 1870.

*Mandamus refused.*